## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **GEMINI INSURANCE COMPANY** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **CHOICE EXPLORATION, INC.** | § | |

## PLAINTIFF GEMINI INSURANCE COMPANY'S
## ORIGINAL COMPLAINT

Plaintiff Gemini Insurance Company files this Original Complaint against Defendant Choice Exploration, Inc., and respectfully shows the Court the following:

### I.   PARTIES

1. Plaintiff Gemini Insurance Company ("Gemini") is a Delaware corporation. Its principal place of business is Scottsdale, Arizona.

2. Defendant Choice Exploration, Inc. ("Choice") is a Texas corporation with its principal place of business in Irving, Texas. It may be served with process by serving its registered agent, W. David Brooks, 2221 Avenue J, Arlington, Texas 76006.

### II.   JURISDICTION

3. This action is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. The parties to this lawsuit reside in different states and there is complete diversity. Therefore, this Court has subject matter of jurisdiction over this action pursuant to 28 U.S.C. § 1332.

4. This court has personal jurisdiction over Defendant Choice because it maintains its principal place of business in Irving, Texas.

### III.  VENUE

5. Venue is proper in the Eastern District of Texas because a substantial part of the property that is the subject of this action (the Kent Spradley #1 Well) is located in Liberty County, Texas and because a substantial part of the events or omissions giving rise to the claim occurred in Liberty County, Texas. 28 U.S.C. § 1391(b)(1) and (2).

### IV.  FACTS

*The Blowout*

6. This lawsuit concerns insurance claims stemming from a well control event that occurred from September 12–19, 2015.  The well at issue is known as the Kent Spradley #1 Well in Liberty County, Texas (the "Well").

7. The Well was operated under a Joint Operating Agreement dated March 2, 2007 (the "JOA").  The JOA identifies the following ownership interests in the Well:

| Parties | Interest |
| --- | --- |
| Choice | .49667768 |
| Petrodome Liberty | .26666667 |
| Oil2 | .01515000 |
| Hew-Tex | .03040000 |
| Russo | .04030000 |
| Seidler | .11564176 |
| Tipula | .03516389 |

8. Choice was the Well operator. The other parties had non-operating working interests and are known are "NOWIs."

9. The Well has not be restored or redrilled since it went out of control in 2015.

*The Policy*

10. Gemini issued policy no. JCH2001259 to Choice Exploration, Inc., effective April 15, 2015–16, including coverage for Control of Well and Extra Expense (the "Policy"). For the Well, the Policy provides $20,000,000 in Section I coverage subject to a $250,000 deductible, both scaled to interest.

11. Under Section IB, the Policy provides certain coverage on a reimbursement basis for restoration or redrill of the Well. In relevant part, the Policy provides:

SECTION IB

REDRILL/EXTRA EXPENSE

1. COVERAGE:

   The Company agrees, subject to the Combined Single Limit of Liability and the terms and conditions of this Policy, to reimburse the Assured for actual costs and/or expenses reasonably incurred to restore or redrill a Well, or any part thereof, which has been lost or otherwise damaged as a result of crater or an Occurrence giving rise to a claim which would be recoverable under Section IA of this Policy if the Assured's Retention applicable to Section IA were nil, and, in the event such Well, or any part thereof, is redrilled, to reimburse the Assured for actual costs and/or expenses reasonably incurred to permanently plug and abandon the lost or otherwise damaged Well or part thereof in accordance with procedures approved by the appropriate regulatory authorities, subject to the following conditions:

   a. The Company shall reimburse the Assured only for such costs and/or expenses as would have been incurred to restore or redrill a Well had the most prudent and economical methods been employed.

   \* \* \*

   f. The Assured agrees to advise the Company if restoration or redrill has not commenced within 540 days from date of accident, cancellation or expiry of this Policy, whichever shall occur last and such restoration or redrill shall be held covered at terms, rates and conditions to be agreed by the Company.

*The Northern District of Texas Litigation*

12. On May 31, 2018, Gemini sought a declaratory judgment in the Northern District of Texas that it has no obligation under the Policy to reimburse Choice for any expenses incurred

3

after Choice's interest in the Well ceased on September 5, 2017. Choice filed a competing declaratory judgment and counterclaims against Gemini.

13. Ultimately, the court determined that the claims were not ripe because Choice never incurred any expenses for restoration or redrill under Section IB and dismissed the lawsuit without prejudice on November 10, 2020. After finding that none of the claims were ripe, the court stated that the parties needed to negotiate new coverage terms to restore or redrill the Well.

### *The Dispute Over the Policy Language*

14. There is a dispute over Section IB of the Policy. Choice contends that Gemini and Choice must decide what well restoration efforts will be covered under Section IB of the Policy. Specifically, Choice's position is that Gemini, an insurance company, must state with clarity which method of well restoration—sidetrack, workover, or redrill—will be covered under Section IB of the Policy. This is something a prudent *operator* must determine—*not an insurance company*. The Policy does not impose any such an obligation on Gemini, and Gemini disputes Choice's interpretation of the Policy.

15. Additionally, despite no language in the Policy supporting its interpretation, Choice believes that Section IB imposes an obligation on Gemini to provide an assurance that Gemini will reimburse costs and expenses *before these costs and expenses are ever incurred*. Gemini rejects this interpretation. The Policy is a reimbursement policy that only requires reimbursement of incurred expenses to restore or redrill a well employing the most prudent methods—not any guarantees Gemini will pay for certain costs and expenses prior to them being incurred.

16. Finally, Subsection IB(f) does not impose any additional duties or obligations on Gemini outside of those already stated in the Policy, nor does it guarantee that Gemini will pay for costs and expenses that have not been incurred. To the extent that Subsection IB(f) requires Gemini

to agree to hypothetical new terms, rates, and conditions not already stated in the Policy, it is unenforceable.

## V.   CLAIM FOR RELIEF

17.   Gemini incorporates the preceding paragraphs by reference as if they were repeated in this paragraph.

18.   Gemini and Choice have competing interpretations of the Policy in Section IB as set forth above.

19.   Gemini seeks a declaration that under Section IB of the Policy:

   a. Gemini does not have an obligation to decide what well restoration efforts will be reimbursed under Section IB of the Policy prior Choice incurring the expenses for reimbursement;

   b. Gemini does not have an obligation to pre-approve any method of Well restoration—sidetrack, workover, or redrill—for coverage under Section IB of the Policy; and

   c. Alternatively, to the extent that Subsection IB(f) requires Gemini to agree to hypothetical new terms, rates, and conditions not already stated in the Policy, it is unenforceable.

## VI.   ATTORNEYS' FEES

20.   Gemini seeks its reasonable and necessary attorney fees.  28 U.S.C. § 2202.

## VII.   JURY DEMAND

21.   Plaintiff hereby demands a trial by jury on any contested issues of material fact. Along with the filing of the Original Complaint, Plaintiff tenders the requisite jury fee to the Clerk of the Court.

## VIII.  PRAYER

22. Accordingly, Gemini prays that the Court issue declaratory judgment against Defendant Choice as follows:

   a. Gemini does not have an obligation to decide what well restoration efforts will be reimbursed under Section IB of the Policy prior Choice incurring the expenses for reimbursement;

   b. Gemini does not have an obligation to pre-approve any method of Well restoration—sidetrack, workover, or redrill—for coverage under Section IB of the Policy; and

   c. Alternatively, to the extent that Subsection IB(f) requires Gemini to agree to hypothetical new terms, rates, and conditions not already stated in the Policy, it is unenforceable.

23. Gemini further prays for judgment awarding costs of suit and reasonable attorneys' fees, and for such other relief as the Court deems equitable and just to Gemini.

        Respectfully submitted,

        */s/ Natasha N. Taylor*
        Natasha N. Taylor
        *Lead Attorney*
        taylor@wrightclosebarger.com
        State Bar No. 24071117
        Howard L. Close
        close@wrightclosebarger.com
        State Bar No. 04406500
        Ronnie L. Flack, Jr.
        flack@wrightclosebarger.com
        State Bar No. 24095655
        WRIGHT CLOSE & BARGER, LLP
        One Riverway, Suite 2200
        Houston, Texas 77056
        Telephone: (713) 572-4321
        Facsimile: (713) 572-4320
        **ATTORNEYS FOR PLAINTIFF**